UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. HOLMBERG,

    Plaintiff,

v.

CHRISTINE O. GREGOIRE, *et al.*,

    Defendants.

Case No. 08-5775 RJB/KLS

ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

Before the Court are Plaintiff's motions to compel (Dkts. 21 and 27) and Defendants' motion to dismiss and to stay discovery. Dkt. 19. Defendants ask that the Court stay all discovery pending its ruling on their motion to dismiss, which includes the argument that the Defendants are entitled to qualified immunity.[1] Having carefully reviewed the parties' motions, affidavits and balance of the record, the Court finds that all discovery, including Plaintiff's motions to compel should be stayed pending resolution of Defendants' motion to dismiss.

**BACKGROUND**

Plaintiff claims generally that Defendants retaliated against him for exercising his First Amendment rights. Dkt. 4, pp. 6-7. The named Defendants include Governor Christine Gregoire,

---

[1] The Court will address the merits of Defendants' motion to dismiss (Dkt. 19) in a separate report and recommendation.

ORDER - 1

the Department of Corrections Secretary Eldon Vail, the Superintendent of McNeill Island Corrections Center Ronald Van Boening and a Correctional Officer who has not yet been served.

Plaintiff seeks to compel responses to two sets of discovery that he mailed to Defendants before all the Defendants were served and before Defendants' answer was due. He mailed the first set to Defendants on January 20, 2009. Dkt.# 21, p. 2. On February 3, 2009, defense counsel returned the discovery. Dkt. # 21, p. 2. On February 16, 2009, Plaintiff returned his first set of discovery to defense counsel, along with a second set of discovery. *Id*. (The Order directing service was signed on January 20, 2009. Dkt. 5. The first waiver of service was filed February 18, 2009. Dkt. 8).

In lieu of an answer, Defendants filed their motion to dismiss on March 20, 2009 and simultaneously requested a stay of discovery. Dkt. 19. Defendants move for dismissal on the grounds of immunity, for failure to state a retaliation claim, and failure to allege personal participation of the defendants in any alleged wrongdoing. *Id*.

## DISCUSSION

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984). When government officials raise the issue of qualified immunity discovery should not proceed until this threshold issues is resolved by the court. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); *Anderson v. Creighton*, 483 U.S. 635 646 n. 6, 107 S. Ct. 3034, 3042 n. 6 (1987), *DiMartini v. Ferrin, supra*, 889 F.2d at 926.

The *Harlow* qualified immunity standard is meant to protect public officials from the "broad-ranging discovery" that can be "peculiarly disruptive of effective government." 457 U.S.at

ORDER - 2

817.  For this reason, the Court has emphasized that qualified immunity questions should be resolved at the earliest possible stage of a litigation, with a court first determining whether the acts defendants are alleged to have taken are actions that a reasonable official could have believed lawful.  *Anderson*, 483 U.S. at 646 n. 6.  If they are not, and if the actions the defendants claim they took are different from those the plaintiffs allege (and are actions that a reasonable official could have believed lawful), then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved.  *Id*.

The Court agrees that the appropriate course here is to stay all further discovery until the immunity issues are resolved or it is determined that limited discovery may be required.

## CONCLUSION

Accordingly, Defendants' motion to stay (Dkt. # 19) is **GRANTED**, and all discovery in this matter shall be **STAYED**, including Plaintiff's motions to compel (Dkts. 21 and 27), pending a ruling on Defendant's motion to dismiss (Dkt. # 19).

DATED this 12th date of May, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3