UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL A. HOLMBERG,

Plaintiff,

v.

CHRISTINE O. GREGOIRE, *et al.*,

Defendants.

Case No. C08-5775 RJB/KLS

ORDER TO AMEND

Before the Court is Defendants' motion to dismiss. Dkt. 19. Defendants also requested a stay of discovery pending the Court's ruling on their motion to dismiss. That request was granted by separate Order. Dkt. 38.

Mr. Holmberg filed his response (Dkt. 24), Defendants filed a reply (Dkt. 28), and Plaintiff filed a surreply (Dkt. 30). Having carefully reviewed the parties' filings and balance of the record, the Court is inclined to recommend granting Defendants' motion in part as to portions of Plaintiff's complaint. Before doing so, however, Plaintiff shall be given an opportunity to file an amended complaint to cure the deficiencies noted herein.

**I. PLAINTIFF'S ALLEGATIONS**

Plaintiff Michael A. Holmberg is currently confined at McNeil Island Corrections Center (MICC). Dkt. 4-6, p. 3. He alleges that (1) on September 23, 2007, the DOC and its agents attempted

ORDER TO AMEND - 1

to transfer him out of state out of retaliation for engaging in protected conduct (pursuing litigation for himself and others) even though he had been told it was unlikely he would be sent out-of-state and that volunteers would be first housed out-of-state; (2) on August 6, 2008, he was denied the use of his mandatory savings account access (MSAA) funds to fund his state court litigation, and (3) Defendant Finnley, a/k/a Findley labeled him a "rat" in retaliation for engaging in protected conduct. *Id.*, pp. 4-5.

Plaintiff alleges that on August 6, 2008, he submitted a request to utilize funds from his Mandatory Savings Account Access (MSAA) to pay for service of process fees in *Holmberg v. Department of Corrections*, a Pierce County Superior Court Case No. 07-2-05611-0. Dkt. 4-6, pp. 4-5. That request was denied by Defendant Van Boening on August 12, 2008 and Mr. Holmberg's appeal of the denial was denied by Defendant Vail on September 18, 2008. *Id.*, p. 5. In letters to the Defendants, which are attached to his Complaint, Mr. Holmberg states that he was previously allowed to access his MSAA savings to pay two appellate court filing fees, a superior court filing fee and a court reporter fee. Dkt. 4-6, pp. 18-19. Mr. Holmberg states that Defendant Vail approved $110.00 to be deducted from his MSA [sic] to pay the filing fee in a Superior Court of Grays Harbor County and $50.00 to pay a court reporter fee for a case on appeal from the Thurston County Superior Court. Dkt. 4-6, p. 24.

Plaintiff alleges that these retaliatory actions were arbitrary and capricious, that they chilled his First Amendment rights, and failed to advance legitimate penological interests. *Id.*, p. 7.

## II. STANDARD OF REVIEW

The Court's review of a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) is limited to the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 at 688 (9th Cir. 2001). However, a court may take judicial notice of its own records (but not the truth of the contents of all documents found therein), *M/V American Queen v. San Diego Marine Constr. Corp.*, 708 F.2d 1483, 1491 (9th Cir. 1983), and may take judicial notice of "matters of public record" (*See, MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986), without converting a motion to dismiss into a motion

ORDER TO AMEND - 2

for summary judgment.

All material factual allegations contained in the complaint "are taken as admitted" and the complaint is to be liberally "construed in the light most favorable" to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969); *Lee*, 250 F.3d at 688. A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6), "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based upon "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Vague and mere "[c]onclusionary allegations, unsupported by facts" are not sufficient to state a claim under 42 U.S.C. § 1983. *Jones v. Community Development Agency,* 733 F.2d 646, 649 (9th Cir. 1984); *Pena v. Gardner,* 976 F.2d 469, 471 (9th Cir. 1992). Although the Court must construe pleadings of pro se litigants liberally, the Court may not supply essential elements to the complaint that may not have been initially alleged. *Ivey v. Board of Regents,* 673 F.2d 266, 268 (9th Cir. 1982). Similarly, in civil rights actions, a liberal interpretation of the complaint may not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 769, 471 (9th Cir. 1992).

Before the court "may dismiss a *pro se* complaint for failure to state a claim, it "must provide the *pro se* litigant with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Noll v. Carlson,* 809 F.2d 1446, 1449 (9th Cir. 1987). However, leave to amend need not be granted where amendment would be futile or the amended complaint would be subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

**III. DISCUSSION**

To state a claim under 42 U.S.C. § 1983: (1) the defendant must be a person acting

ORDER TO AMEND - 3

under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). When a plaintiff fails to allege or establish one of the three elements, his complaint must be dismissed.

Even where conditions of confinement do not implicate a prisoner's due process rights, inmates retain other protection from arbitrary state action . . . within the expected conditions of confinement. They may invoke the First and Eighth Amendments and the Equal Protection Clause of the Fourteenth Amendment where appropriate, and may draw upon internal prison grievance procedures and state judicial review where available." *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) (quoting *Sandin v. Conner*, 515 U.S. 472, 487 n. 11); *see also Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system.").

Of fundamental import to prisoners are their First Amendment "right[s] to file prison grievances," *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003), and to "pursue civil rights litigation in the courts." *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995). Without those bedrock constitutional guarantees, inmates would be left with no viable mechanisms to remedy prison injustices. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield. *See, e.g.. Pratt v. Rowland*, 65 F.3d 802, 806 & n. 4 (9th Cir. 1995) ("[T]he prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for qualified immunity purposes.)

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of

ORDER TO AMEND - 4

(3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes*, 408 F.3d at 567-68; *See, e.g., Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000); *Barnett*, 31 F.3d at 815-16; *Rizzo v. Dawson*, 778 F.2d 527 (9th Cir. 1985).

With these standards in mind, the Court turns to Plaintiff's claims.

**A.    Retaliation - Out of State Transfer**

Defendants argue that Plaintiff has not alleged that he was actually transferred, that he has suffered any tangible consequence other than being considered for an out of state transfer, that he has failed to allege any causal link between the alleged retaliation and his constitutionally protected activities.

In his complaint, Mr. Holmberg alleges that on September 23, 2007, the "DOC and its agents" (1) attempted to transfer him out of state (2) because he (3) was involved in several state court cases to "protect his rights as well as assisting others," and that (4) beyond the threatened transfer, the Defendants' action chilled his First Amendment rights and (5) were not undertaken to advance legitimate penological goals. Dkt. 4-6, p. 4, ¶ 12, p. 7.

Plaintiff is correct that repeated threats of transfer made in retaliation of a prisoner's protected activity may be sufficient to state a retaliation claim. *See, e.g., Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir.2001). Defendants argument that Plaintiff is a prolific litigator notwithstanding, Mr. Holmberg does not have to demonstrate that his speech was "actually inhibited or suppressed." *See Crawford-El v. Britton*, 93 F.3d at 826. An allegation that a plaintiff's First Amendment rights were chilled, though not necessarily silenced, is enough to perfect his claim.

Here, however, Mr. Holmberg has not identified who threatened to transfer him and the circumstances between his litigation activities and the threats to transfer. Only "persons" may be sued in civil actions under 42 U.S.C. § 1983. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan De't of State Police*, 491 U.S. 58, 71 (1989).

ORDER TO AMEND - 5

"[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id*. (citations omitted); *see Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

Mr. Holmberg names the Washington Department of Corrections (DOC) as a Defendant. Dkt. 4. The DOC is an agency of a sovereign state entity and not a person under § 1983. As noted above, Mr. Holmberg shall be given an opportunity to amend his complaint to individually name persons whom he alleges were involved in violating his constitutional rights.

Thus, Mr. Holmberg shall be given an opportunity to amend his Complaint so that it includes only his factual allegations relating to his claims that prison officials threatened to transfer him in retaliation for seeking access to the legal process. Mr. Holmberg must name the prison official or officials who retaliated against him *because of* the particular activity he was engaged in at the time. It is not enough to simply state name the "DOC" and/or "its agents." To properly state a claim under 42 U.S.C. § 1983, Mr. Holmberg must name the individual defendants who violated his federal rights and he must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**B.     Retaliation - Claim Against Defendant Finnley, a/k/a Findley**

With regard to Defendant Finnley, a/k/a Findley, the Court notes that an allegation that a prison official has deliberately spread a rumor that a prisoner is a snitch may state a claim for violation of a prisoner's Eighth Amendment right to be protected from violence while in state custody. See *Valandingham v. Bojorquez*, 866 F.2d 1135, 1138 (9th Cir. 1989). However, the Court notes that this Defendant has not been served.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint. Unless the plaintiff can show good cause for his failure to serve, the court shall dismiss the action without

ORDER TO AMEND - 6

prejudice as to that defendant or shall extend the time for service. Fed.R.Civ.P. 4(m). In cases involving a plaintiff proceeding *in forma pauperis*, a United States Marshal, upon order of the court, shall serve the summons and complaint. Fed.R.Civ.P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blanford*, 912 F.2d 270, 275 (9t Cir. 1990)), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause.'" *Walker*, 14 F.3d at 1422 (*quoting Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

As the Court is granting Plaintiff leave to amend, this action will proceed on the Amended Complaint submitted by Plaintiff and ultimately approved by the Court. Therefore, Plaintiff is directed to furnish the information necessary to serve Defendant Finnley and to provide a service copy of the Amended Complaint. The Clerk of the Court will provide Plaintiff with the necessary documents.

**C.     Retaliation - MSAA Funds**

Defendants argue that Mr. Holmberg's claims relating to his MSAA funds should be dismissed because he has no right to access those funds absent an emergency or until his release from incarceration pursuant to RCW 72.09.111(3).

Mr. Holmberg alleges that Defendants Van Boening and Vail (1) arbitrarily and capriciously withheld the distribution of funds from his account for litigation although Defendant Vail had

ORDER TO AMEND - 7

1  previously approved similar funds, (2) because he (3) exercised his First Amendment rights to file a

2  lawsuit naming them as defendants, and that (4) beyond imposing that tangible harm, the defendants'

3  actions chilled his First Amendment rights and (5) were not undertaken to advance legitimate

4  penological purposes. *Rhodes*, 4089 F.3d at 568.

   Accepting the facts plead as true and viewing them in the light most favorable to plaintiff, the undersigned concludes that Mr. Holmberg has sufficiently stated a claim of retaliation against Defendants Vail and Van Boening for retaliation as to the MSAA funds.

**D.      Personal Participation - Supervisors**

Defendants also argue that Mr. Holmberg's claims against them should be dismissed because he failed to allege that they personally participated in the acts alleged. As to Plaintiff's allegations against Defendants Gregoire, the Court agrees.

Defendants in a 42 U.S.C. § 1983 action cannot be held liable based on a theory of resopndeat superior or vicarious liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bergquist v. County of Cochise*, 806 F.2d 1364, 1369 (9th Cir. 1986). Absent some personal involvement by the defendants in the allegedly unlawful conduct of subordinates, they cannot be held liable under § 1983. *Johnson*, 588 F.2d at 743-44. "A supervisor may be liable if there exists *either* (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). Supervisory liability exists even without overt personal participation in an offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Id*. at 1447 (internal quotation marks and citations omitted). But under no circumstances is there respondeat superior liability under § 1983. That is, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *See Taylor v. List*,

ORDER TO AMEND - 8

880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 680-81 (9th Cir. 1984).

Mr. Holmberg's allegations against Defendant Gregoire are that she failed to respond when he filed a complaint and an addendum requesting that she take corrective action concerning the "organizational routine of retaliation within the DOC, as well as defendant Finnley's retaliatory activities." Dkt. 4, p. 4. These allegations are based entirely on Defendant's Gregoire's supervisory position. Mr. Holmberg has not alleged any direct involvement by Defendant Gregoire in any alleged deprivation of his constitutional rights.

However, Mr. Holmberg alleges in his Complaint that there are state laws that impose vicarious liability on executive state officials. Dkt. 4-6, p. 3 (citing RCW 43.06.010(1) and (2); 43.17.010(13); 43.17.020(13; 43.17.030; 72.02.040; 72.09.050; and 72.02.045(1) and (6)). Mr. Holmberg argues, therefore, that it is appropriate to hold Defendant Gregoire vicariously liable under these state statutes and cases such as *Hesselgesser v. Reilly*, 440 F.2d 901 (9th Cir. 1971) (state statutes making sheriffs liable for the misconduct of their deputies are properly applied under section 1983 to impose vicarious liability on sheriffs for the civil rights violations of their deputies). *See* Dkt. 30, p. 2.

First, as is noted by Defendants, the statutes cited by Plaintiff refer to general powers and duties of state executive offices and none specifically impose vicarious liability on executive officials for the conduct of supervised employees. In addition, *Hesselgesser* was implicitly overruled by *Monel v. Department of Social Service*, 436 U.S. 658, 692 (1978) (Congress did not intend to impose § 1983 liability on a person who does not "cause" a civil rights violation). *Palmer v. Sanderson*, 9 F.3d 1433, 1437 (9th Cir. 1993) ("Consequently, a state statute imposing vicarious liability on a sheriff for the conduct of his or her deputies is 'inconsistent with the ... laws of the United States,' 42 U.S.C. § 1988, notwithstanding our earlier holding in *Hesselgesser*. This inconsistency, in turn, precludes the district court from applying Wash.Rev.Code §§ 36.16.070 to

ORDER TO AMEND - 9

this § 1983 action."). *Id.* at 1438.

Thus, absent some personal involvement by Defendant Gregoire in the alleged unlawful conduct of a subordinate, she cannot be held liable under § 1983. Plaintiff shall be given an opportunity to amend his complaint to omit his allegations against this defendant.

**E.    Qualified Immunity**

The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 S.Ct. 808, 815 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. *Pearson*, at 815. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Groh v. Ramirez*, 540 U.S. 551, 567 (2004).

Qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates the right. *Id.* at 648. The qualified immunity doctrine "gives ample room for mistaken judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991). Plaintiff bears the burden of proving that the specific right claimed was clearly established at the time of the alleged misconduct. *Davis v. Scherer*, 468 U.S. 183, 197 (1984). Qualified immunity "turn[s] primarily on objective facts": "Reliance on the objective reasonableness of an official's conduct, as measured by reference to clearly established law, should avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment." *Harlow*, 457 U.S. at 818.

ORDER TO AMEND - 10

In this case, Defendants argue that they are entitled to qualified immunity because Plaintiff has no constitutional right to be placed at a particular in-state prison facility and no right to access his mandatory savings account absent an emergency or until release. Dkt. 19, p. 9. As noted above, however, the prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit for qualified immunity purposes. *See Pratt*, 65 F.3d at 806 & n. 4.

As Mr. Holmberg will be granted leave to file an amended complaint relating to his allegations that he was retaliated against for pursuing civil rights litigation, Defendants' motion to dismiss must be re-noted or re-submitted once an amended complaint has been filed.

Mr. Holmberg's amended complaint under § 1983 shall consist of a **short and plain statement** showing that he is entitled to relief. He shall allege with specificity the following:

(1) the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2) The dates on which the conduct of each Defendant allegedly took place; and

(3) the specific conduct or action Plaintiff alleges is unconstitutional.

Mr. Holmberg shall set forth his factual allegations in separately numbered paragraphs and shall attach only those exhibits relevant to the factual allegations contained within the amended complaint. Mr. Holmberg is further advised that this amended pleading will operate as a complete substitute for (rather than a mere supplement to) the present complaint. Mr. Holmberg shall present his complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and **it must be clearly labeled the "First Amended Complaint" and Cause Number C08-5775 RJB/KLS must be written in the caption**.

It is, therefore, **ORDERED:**

(1) That Plaintiff is granted leave to file an amended Complaint entitled "Amended Complaint" **on or before July 17, 2009,** to include factual allegations, claims and individually named defendants relating to his claim that he was retaliated against for engaging in litigation activities, as directed herein. The Amended Complaint will act

ORDER TO AMEND - 11

1         as a complete substitute for all previously filed complaints in this action. To aid Plaintiff, the Clerk shall send Plaintiff a 1983 civil rights complaint for prisoners and U.S. Marshal forms.

(2)   Plaintiff is directed to fill out the form with the complete address for Defendant Finnley, a/k/a Findley and return the form for service with a service copy of the Amended Complaint so that the U.S. Marshal may attempt service by mail upon the named Defendant. These documents must be returned on or before **July 17, 2009,** or the Court will recommend dismissal of this action against this Defendant for failure to prosecute. The District Clerk shall provide the appropriate forms to Plaintiff.

(3)   Defendants' motion to dismiss (Dkt. 19) shall be stricken from the Court's docket. Defendants may re-note or resubmit their motion once an amended complaint has been filed by Plaintiff.

(4)   The Clerk shall send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  18th  day of June, 2009.

                                                          Karen L. Strombom
                                                          United States Magistrate Judge

ORDER TO AMEND - 12