# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

MICHAEL HOLMBERG,

    Plaintiff,

v.

CHRISTINE O. GREGOIRE, et al.,

    Defendants.

No. 08-5775 RJB/KLS

ORDER GRANTING DEFENDANTS' MOTION TO STAY DISCOVERY

Before the Court is Defendants' motion to stay discovery pending the Court's resolution of Defendant's motion to dismiss. Dkt. 45. For the reasons stated below, the Court finds that the motion should be granted.

**PROCEDURAL BACKGROUND**

Plaintiff Michael Holmberg is a Washington Department of Corrections ("DOC") inmate currently incarcerated at McNeil Island Corrections Center (MICC). Dkt. #44, First Amended Complaint ¶ 4. On January 14, 2009, he filed a Civil Rights Complaint under 42 U.S.C. § 1983 alleging that the Defendants retaliated against him for exercising his protected rights in violation of the First Amendment. Dkt. 4, pp. 6-7.

The Defendants moved to dismiss this complaint asserting numerous defenses including: failure to state a claim, failure to allege personal participation, improperly named Defendants (State of Washington/Department of Corrections), and qualified immunity. The court ordered Mr. Holmberg to amend his complaint to cure pleading deficiencies including the removal of

ORDER GRANTING MOTION TO STAY DISCOVERY - 1

improper Defendants Gregoire and Washington Department of Corrections. Dkt. # 43. On July 17, 2009, Mr. Holmberg filed an amended complaint which adds new Defendants, Harold Clarke and Jim Thatcher, and a new, supplemental retaliation claim alleged to have occurred between May and July 2009, during the pendency of this action. Dkt. 44.

Defendants move for dismissal of Plaintiff's claims pursuant to Fed. R. Civ. Proc. 12(b)(6), arguing that the retaliation claim should be dismissed for failure to state a claim, that certain defendants should be dismissed for failure to adequately allege personal participation and/or lack of personal jurisdiction. Dkt. 45, p. 3. Defendants also move for a "continuance of the stay of discovery"[1] pending the Court's ruling on this motion and a determination of what claims and parties will survive past the pleading stage. *Id.*, p. 10.

## DISCUSSION

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26( c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

It is necessary for this court to resolve Defendants' Motion to Dismiss to determine what claims and Defendants survive the pleading stage. This is particularly true now that Plaintiff has filed an amended complaint adding new defendants and claims. Defendants should not face the burden and expense of responding to discovery as to claims and Defendants that may not survive the pleading stage.

---

[1] The court previously stayed discovery in this matter pending a ruling on Defendants' first motion to dismiss (Dkt. 19). See Dkt. 38.

ORDER GRANTING MOTION TO STAY DISCOVERY - 2

Accordingly, all discovery in this matter shall be **STAYED** pending further order of this Court.

DATED this  5th  day of October, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER GRANTING MOTION TO STAY DISCOVERY - 3