UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL A. HOLMBERG,<br><br>                    Petitioner,<br><br>  v.<br><br>CHRISTINE O. GREGOIRE, *et al.*,<br><br>                    Respondents. | No. C08-5775 RJB/KLS<br><br>ORDER RE-NOTING MOTION TO DISMISS AS MOTION FOR SUMMARY JUDGMENT |

      Presently before the Court is the motion of Defendants Vail and Van Boening to dismiss claims as well as defendants. (Dkt. 45)[1] In response to the motion, Plaintiff has submitted materials outside of his amended complaint including affidavits of other inmates, DOC policies, DOC out of state screening information, correspondence and memoranda. Se*e, e.g.,* attachments to Plaintiff's response and supplemental response (Dkts. 48 and 49)).

      On a Rule 12(b)(6) motion to dismiss, the court must accept all of the material allegations in plaintiff's complaint as true and liberally construe those facts in the light most favorable to plaintiff, as a *pro se* litigant. *See Oscar v. University Students Co-op Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992); *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts

---

[1] Defendants' motion to dismiss was originally noted for August 29, 2009. Dkt. 45. On October 6, 2009, the court ordered that all discovery in this matter be stayed pending resolution of the motion to dismiss. Dkt. 59. Shortly thereafter, the court ordered that the motion to dismiss be re-noted on the court's calendar for January 1, 2010 as a motion for summary judgment. Due to an oversight, however, the order re-noting the motion was not properly docketed and the parties did not receive notice of the new briefing schedule.

ORDER - 1

alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).,

Where "matters outside the pleading are presented to and not excluded by the court," a rule 12(b)(6) motion is "treated as one for summary judgment and disposed of as provided in Rule 56," while allowing all parties a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed.R.Civ.P. 12(b). In transforming a dismissal into a summary judgment proceeding, the court must inform a plaintiff proceeding *pro se* that it is considering more than the pleadings and afford the opportunity to present all pertinent material. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). "If the pro se litigant is a prisoner, the district court's duties are even greater: 'The district court is obligated to advise prisoner pro se litigants of Rule 56 requirements.'" *Anderson*, 86 F.3d at 935 (quoting *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988)).

In this case, the court finds appropriate the conversion of Defendants' motion to dismiss to a Rule 56 motion for summary judgment. In so doing, the court advises Plaintiff of the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case [as to the claims and defendants addressed in the motion].
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents,

ORDER - 2

as provided in Rule 56(e), that contradict the facts shown in the defendant=s declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998)(emphasis added).

Furthermore, Local Rule CR 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposite on is without merit.

In converting this motion, the court stresses that both plaintiff and defendants should take the opportunity to present all arguments and material pertinent to a Rule 56 motion. Thus, the court hereby requests additional briefing from the parties.

Accordingly, it is **ORDERED:**

(1) Defendants' motion to dismiss (Dkt. 45) is converted to a motion for summary judgment and shall be **re-noted** on the court's calendar for **February 26, 2010**.

(2) Defendants shall submit briefing and supportive material on or before **January 29, 2010.**

(3) Plaintiff shall respond **on or before February 22, 2010.**

(4) Defendants may submit a reply on or before **February 26, 2010**.

(5) The Clerk of the Court is directed to send copies of this Order to Plaintiff and counsel for Defendants.

DATED this  11th  day of January, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3