**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA**

| | |
|---|---|
| MICHAEL HOLMBERG,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ELDON VAIL, RONALD VAN BOENING, HAROLD CLARKE, JAMES THATCHER, DANIEL FITZPATRICK and FRANKLIN FINDLEY.<br><br>　　　　　　　　　Defendants. | NO. C08-5775 RJB/KLS<br><br>ORDER DENYING SECOND MOTION FOR EXTENSION AND DENYING MOTION FOR COUNSEL |

Before the court is Plaintiff's motion for a sixty to ninety day extension of time to respond to Defendants' motion for summary judgment. Dkt. 80. This is Plaintiff's second request for a lengthy extension of time within which to file his response. Plaintiff also requests the appointment of counsel. *Id.* Defendants' oppose both requests. Dkt. 81. Having reviewed the motion, response, and balance of the record, the court finds that Plaintiff's motions should be denied. However, Plaintiff shall be granted leave to file his response within twenty-one days of the date of this order.

**A.     Request for Extension**

By Order dated January 11, 2010, Defendants' motion to dismiss (Dkt. 45) was re-noted as a motion for summary judgment. Dkt. 68. By Order dated February 2, 2010,

ORDER - 1

Defendants were granted an extension of time within which to file their summary judgment motion. Dkt. 72. Defendants filed their motion for summary judgment on February 23, 2010, and it was noted on the court's calendar for consideration on March 19, 2010. Dkt. 74. Plaintiff requested and was granted an extension of time to obtain discovery and file his response to the summary judgment motion. Dkt. 78. The court lifted the stay on discovery and renoted the summary judgment motion for July 16, 2010, giving Plaintiff until July 12, 2010 to file his response.

Plaintiff's current motion is based on his belief that he has not been provided sufficient answers to his discovery requests. Plaintiff has served the Defendants with requests for production, interrogatories and requests for admissions. Dkt. 80. He has conferred with counsel on a number of occasions regarding the discovery responses, which Plaintiff claims are evasive. Plaintiff claims that Defendants have destroyed or are concealing documents. However, he has not filed a motion to compel setting forth the relevancy or need for this information. Therefore, a second lengthy extension of time to respond to the motion for summary judgment in order to obtain additional discovery is unnecessary.

In addition, the court notes that Defendants have alleged qualified immunity in their motion for summary judgment. The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26(c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922 (9th Cir. 1989), amended at 906 F.2d 465 (9th Cir. 1990) *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984). When government officials raise the issue of qualified immunity, discovery should not proceed until this threshold issue is resolved by the court. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982); *Anderson v. Creighton*, 483 U.S. 635 646 n. 6, 107 S. Ct. 3034, 3042 n. 6 (1987), *DiMartini v. Ferrin*, supra, 889 F.2d at 926.

The *Harlow* qualified immunity standard is meant to protect public officials from the broad-ranging discovery that can be peculiarly disruptive of effective government. *Harlow*, 457 U.S. at 817. For this reason, the Supreme Court has emphasized that qualified immunity questions should be resolved at the earliest possible stage of litigation, with a court first determining whether the acts defendants are alleged to have taken are actions that a reasonable official could have believed lawful. *Anderson*, 483 U.S. at 646 n. 6. If they are not, and if the actions the defendants claim they took are different from those the plaintiffs allege (and are actions that a reasonable official could have believed lawful), then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved. *Id*.

The court agrees that the appropriate course where immunity issues are raised is to stay all further discovery until the immunity issues are resolved or it is determined that limited discovery may be required. The court previously stayed discovery following the filing of Defendants' motion to dismiss in which the Defendants raised immunity issues. Dkt. 38. The court later lifted the stay of discovery and gave Plaintiff additional time so that he could respond to the Defendants' motion for summary judgment. As noted above, the court finds no basis in continuing the motion for summary judgment again.

Plaintiff may file a response to the pending motion **within twenty-one days of the date of this order**. The court will consider whether Defendants are entitled to immunity or whether additional discovery is necessary before the issue may be resolved.

**B.      Appointment of Counsel**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court

may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff maintains that he should be appointed counsel because the case is complex due to the destruction and concealment of evidence and because he has shown that his case has merit.  Dkt. 80, pp. 6-7.  Plaintiff has not demonstrated that the issues involved in his case are complex or that he has any difficulty articulating those issues.  Plaintiff's claims in his complaint and his current motion are clear and well organized.  Although he may not have vast resources or legal training, he meets the threshold for a *pro se* litigant.  Plaintiff has not shown a likelihood of success on the merits aside from his conclusory statements that his claim has merit.  Thus, the appointment of counsel is not warranted in this case.

Accordingly, it is **ORDERED:**

ORDER - 4

(1) Plaintiff's motion for extension of time and for the appointment of counsel (Dkt. 80) is **DENIED**. Plaintiff shall file his response to Defendants' Motion for Summary Judgment **on or before twenty-one (21) days from the date of this Order.**

(2) The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendants.

DATED this  29th  day of July, 2010.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

ORDER - 5