UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL HOLMBERG,

    Plaintiff,

v.

ELDON VAIL, RONALD VAN BOENING, HAROLD CLARKE, JAMES THATCHER, DANIEL FITZPATRICK, AND C/O FINDLEY,

    Defendants.

Case No. C08-5775RJB/KLS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation of U.S. Magistrate Judge Karen L. Strombom. Dkt. 92. The Court has considered the Report and Recommendation, objections, and the remainder of the file herein.

The facts are related in the Report and Recommendation and are adopted here by reference. Dkt. 92. The Report and Recommendation recommends dismissal with prejudice of Plaintiff's federal claims, and recommends that the Court decline to exercise jurisdiction over the state law claims. *Id.* Plaintiff filed objections to the Report and Recommendation on December 21, 2010. Dkt. 95.

The Report and Recommendation (Dkt. 92) should be adopted and Plaintiff's federal claims dismissed with prejudice. This Court should decline to exercise jurisdiction over the state law claims, and dismiss them without prejudice.

Plaintiff first objects to dismissal of his claim that Defendants Van Boening, Vail, and Fitzpatrick

ORDER
Page - 1

retaliated against his exercise of free speech when they refused to allow him access to his Mandatory Savings Account ("MSA"). Dkt. 95. The Report and Recommendation recommends dismissal of this claim because Plaintiff failed to show a causal connection between Defendants denying him access to those funds and his litigation activities. Dkt. 92. Plaintiff argues that the fact that he had litigation going at the time the denial was made is enough to raise an inference that Defendants were retaliating against him. Dkt. 95. Plaintiff argues that Defendants had knowledge of his "reputation" as a "prolific litigator," and points to a case requiring that an employer have knowledge of an employee's statements before an employer can be said to take any action that is considered retaliatory. Dkt. 95. As stated in the Report and Recommendation, Plaintiff has failed to show that his litigation was a substantial or motivating factor in Defendants' decision to approve their subordinate's decision to deny Plaintiff access to his MSA funds. The timing of the denial is not sufficient to show that it was motivated by Plaintiff's litigation. The denial was justified as being pursuant to the Department of Corrections policy - that those funds are to be used for emergencies. Further, Plaintiff's citation to an employment case in connection with his "reputation" argument is not helpful and or relevant. Plaintiff further objects to dismissal of this claim, arguing that it was an arbitrary governmental action. Dkt. 95. Plaintiff makes no such showing. Plaintiff's arguments that the reasons proffered by the Defendants are "false and pretextual" are likewise unsupported.

As stated in the Report and Recommendation, Plaintiff has failed to show that his federal constitutional rights have been violated. His federal claims should be dismissed with prejudice.

Plaintiff objects to dismissal of his state claims arguing that his federal claims should not be dismissed. Dkt. 95. Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims if (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc*., 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

1    Here, one of the four conditions in § 1367(c) are present.  As above, all Plaintiffs' federal claims are dismissed by this order.  Accordingly, this Court has "dismissed all claims over which it has original jurisdiction," and so has discretion to decline to exercise supplemental jurisdiction over the state law claims under § 1367(c)(3).  Further, the values of economy, convenience, and comity are served by this Court's declining to exercise supplemental jurisdiction.  *See Acri* at 1001.  Accordingly, the Court should decline to retain jurisdiction to adjudicate the pendent state claims, and should dismiss them without prejudice.

Therefore, it is hereby **ORDERED** that:

- The Report and Recommendation (Dkt. 92) is **ADOPTED**;
- Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**;
- This Court declines to exercise supplemental jurisdiction over the state law claims, and the state law claims are **DISMISSED WITHOUT PREJUDICE**;
- The Clerk is directed to sent copies of this order to Plaintiff, counsel for Defendants, and to U.S. Magistrate Judge Karen L. Strombom.

DATED this 10th day of January, 2011.

*Robert J Bryan*
Robert J Bryan
United States District Judge